## NOLAND ET AL *v.* A. D. SHEPHERD.

**Instructions.**

It is error to instruct the jury that they ought to take as true all the allegations in the petition, not denied by the defendant in his answer.

**Same.** °

By this instruction questions of law were submitted to the jury— whether a fact which alleged in any part of the pleadings be material or immaterial to the matter in issue, is a question of law for the court.

**Deposition—Notice—Misnomer**

A notice ·to take depositions was in the name of Greene, appellee, and in the caption, it stated that they are to be used in the case of Green assignee of Shepperd. **Held,** that it was not insufficient to authorize the court to exclude the depositions.

APPEAL FROM ESTILL CIRCUIT COURT.

December 10, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Although the weight of evidence inclines against the verdict, still the preponderance is not such as to authorize this court to interpose, and reverse the judgment on that account.

But instruction *No. 2 given* at the instance of appellee cannot be sustained. It is as follows:

· "That upon the trial of this case the jury ought to take as true all the allegations in plaintiff's petition, and amended petition, not denied by defendant in his answer, except the question of the value of the property or amount of damages claimed."

This instruction is substantially the same that was. given in Tipton vs. Triplett, 1 Met., 571. Of which this court·said. By this instruction questions of law were submitted to the jury instead of being decided by the court, as they should have been. Whether a fact which is alleged in any part of the pleadings be material, or immaterial to the matters in issue, is a question of law. And whether it has been denied in the answer, or the response, is also a question of law. The court should determine not only what allegations have been specifically controverted, and inform the jury

what facts are to be considered by them as true under the pleadings in the action.

The instruction referred to was calculated to mislead the jury, and appellant might well complain of it as prejudicial to him, especially in a case like the present when the important fact to entitle the appellee to a recovery is left by the evidence, to say the least of it, in great doubt.

The notice to take the depositions of the Greens is in the name of appellee, and the caption states they are to be used in the case of *Green assignee of Shepherd,* that was not insufficient to authorize the court to exclude the depositions.

No other error is perceived in giving or refusing instructions. But for the error suggested, the judgment is reversed and the cause is remanded for a new trial and for further proceedings herewith.

*Harlan, for appellants.*

*Barnes, for appellee.*